**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SIGNIFY HOLDING B.V.,

                Plaintiff,

 v.

MEGA SYSTEMS INC.,

                Defendant.

Civil Action No. 1:23-cv-00042

**<u>JURY TRIAL DEMANDED</u>**

---

**<u>COMPLAINT</u>**

Plaintiff Signify Holding B.V. ("Signify"), by and through its attorneys, Bond, Schoeneck & King, PLLC, for its Complaint against Defendant Mega Systems Inc. ("Mega Systems" or "Defendant") alleges as follows:

**<u>PARTIES</u>**

1. Plaintiff Signify Holding B.V. is a corporation organized and existing under the laws of The Netherlands with its principal place of business at High Tech Campus 45, Eindhoven, The Netherlands.

2. Upon information and belief, Mega Systems is a corporation organized under the laws of the State of Texas with a place of business at 18668 State Highway 16 N, Helotes, Texas 78023 and a registered agent at 5718 Kenwick Street, San Antonio, Texas 78238.

3. Upon information and belief, Mega Systems also operates through affiliates and/or sells through brands including, but not limited to, Mega-Lite, Mega Cases, Mega View, Texas Structures, and Mega Entertainment Systems, as shown for example on Mega Systems website at https://megasystemsinc.com/.

## NATURE OF THE ACTION

4.      In this action, Signify seeks money damages against Mega Systems for breach of contract and declaratory relief in the form of an order of specific performance of contractual terms between Signify and Mega Systems.

## JURISDICTION AND VENUE

5.      The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity between the parties, as Signify is a citizen of The Netherlands, and upon information and belief, Mega Systems is a citizen of the state of Texas. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      Upon information and belief, the Court has personal jurisdiction over Defendant through its consent to and waiver of objection to the jurisdiction of this Court. As alleged in the paragraphs below, Mega Systems and Signify entered into an agreement whereby Signify granted Mega Systems licenses to certain patents in exchange for the payment of royalties and other consideration. In that agreement, Mega Systems consented to the jurisdiction of the Federal District Court for the Southern District of New York, and further waived any objection to the jurisdiction or venue of this Court.

7.      In addition, upon information and belief, Defendant has regularly and systematically transacted business in New York, directly and/or through distributors, and has shipped products to New York. For example, Defendant's lighting products are offered and sold in the state of New York, including at least by Defendant and Syracuse Scenery & Stage Lighting Co., Inc. in Liverpool, New York (https://syracusescenery.com/wordpress/products-dealers/).

8.      Upon information and belief, Mega Systems' lighting products have been installed and/or used in New York at least at St. Bart's on Park Avenue and The Rooftop at Pier 17:




9.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §
1391(b) and because of Defendant's consent to and waiver of objection to venue in this Court.

**FACTUAL BACKGROUND**

10.     Signify is a global market leader with recognized expertise in the development,
manufacturing, and application of innovative light-emitting diodes ("LED") lighting solutions.
Signify's LED lighting products have been installed and utilized throughout the world, for
example, on the Empire State Building (https://www.signify.com/en-us/our-company/news/press-
release-archive/2012/20121127-empire-state-building).



11.    To protect its intellectual property resulting from its significant investments, Signify applied for and obtained numerous patents directed to various LED inventions and technologies. For example, Signify has thousands of patents and hundreds of pending patent applications covering technologies related to LED luminaires and retrofit bulbs.

12.    Signify has developed a license program under which companies using Signify's patents may be able to obtain a license. Currently, more than 1400 companies have taken licenses under this program.

13.    On or about January 1, 2011, Koninklijke Philips Electronics N.V. and Mega Systems entered into a Patent License Agreement ("License Agreement") and granted Mega Systems and its Affiliates a patent license under the terms and conditions of the License Agreement. On or about May 15, 2013, Koninklijke Philips Electronics N.V. changed its name to Koninklijke Philips N.V. On or about February 1, 2016, Koninklijke Philips N.V. assigned the

License Agreement to Philips Lighting Holding B.V. (now Signify Holding B.V.) and notified Mega Systems of the assignment.

14.     The terms and conditions of the License Agreement are subject to confidentiality.

15.     Upon information and belief, Mega Systems and its Affiliates have obtained the benefit of the patent license under the License Agreement.

16.     The License Agreement remains in force between Signify and Mega Systems.

17.     Mega Systems agreed to an audit protocol confirming that quarterly Reporting Forms, as defined in the License Agreement, submitted by Mega Systems and its Affiliates are true, complete and accurate in every respect. Additionally, Signify reserved the right to inspect the books and records of Mega Systems and its Affiliates from time to time.

18.     Mega Systems agreed to a product assessment protocol in which Mega Systems informs Signify of product changes or additions. The product assessment includes Mega Systems' consent to produce questionnaires, product descriptions, and all relevant information upon Signify's request, so that Signify can complete a full evaluation on such products. The product assessment evaluates whether Mega Systems' products make use of any issued Signify patents and ensures that Mega Systems and its Affiliates remain in compliance with the License Agreement.

19.     In the Third Quarter of 2021, Mega Systems submitted the required Reporting Forms, but failed to pay the associated royalties due, in violation of the terms of the License Agreement. Further, in the Fourth Quarter of 2021, Mega Systems submitted the required Reporting Forms, but failed to pay the associated royalties due, in violation of the terms of the License Agreement.

20.     Upon information and belief, Mega Systems has continued to make, have made, and/or sell products within the scope of the license afforded by the License Agreement.

21.    In addition to Mega Systems' failure to pay the associated royalties due for at the Third Quarter of 2021 and the Fourth Quarter of 2021, Mega Systems failed to submit the required Reporting Forms and pay the associated royalties due for the First Quarter of 2022, the Second Quarter of 2022, and the Third Quarter of 2022. Upon information and belief, the royalties for the first three Quarters of 2022 are estimated to be of similar magnitude to each of the Quarters of 2021.

22.    Under the terms of the License Agreement, Mega Systems is required to submit, once per year, an annual statement to Signify by its external auditors confirming that the quarterly Reporting Forms previously submitted are true, complete, and accurate. Mega Systems has failed to submit one or more required annual statements.

23.    Upon information and belief, Mega Systems' products continue to utilize patented technologies, and are covered by one or more patents, within the scope of the license afforded by the provided under the License Agreement.

24.    By example, upon information and belief, Mega-Lite Colorlite Q120 products are covered by one or more claims of patents included in the License Agreement.

25.    By example, upon information and belief, Mega-Lite XS Strobe RGB products are covered by one or more claims of patents included in the License Agreement.

26.    By example, upon information and belief, Mega-Lite Outshine Strip Q80 products are covered by one or more claims of patents included in the License Agreement.

27.    Upon information and belief, given that many Mega-Lite products appear to be of the same form factors as those set forth in paragraphs 24 through 26, it is expected that discovery in this action will reveal that additional Mega-Lite products also are covered by one or more patents within the scope of the license afforded by the License Agreement.

28.     Mega Systems has failed to account to Signify for such sales in violation of the License Agreement.

29.     Signify has duly demanded that Mega Systems comply with the terms of the License Agreement, pay the royalties submitted on prior Reporting Forms, fulfill its ongoing obligation to submit the required Reporting Forms, and pay all royalties due, but Mega Systems has refused.

30.     Upon information and belief, Mega Systems, has failed to comply with the product assessment protocol as Mega Systems has made and/or sold products which make use of one or more of the issued Signify patents in violation of the License Agreement.

31.     Signify has duly demanded that Mega Systems comply with the terms of the License Agreement, engage in good-faith discussions with Signify regarding the product assessment, and pay any assessed underpayments, but Mega Systems has refused.

32.     For the period beginning with the Third Quarter of 2021 through the present, Mega Systems has continued to fail to live up to its obligations under the License Agreement, for example, by failing to provide reports and/or written statements required by the License Agreement, failing to comply with the product assessment protocol, and by failing to pay the required royalties to Signify.

33.     Upon information and belief, Mega Systems has refused to acknowledge, cease, or remedy its breaches of the License Agreement, and Signify has been damaged, and continues to be damaged, by such breaches.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

34.     Signify repeats and incorporates paragraphs 1 through 33 as if set forth in full here.

35.     The License Agreement is a valid, binding, and enforceable contract.

36.     Signify has and continues to perform under the License Agreement.

37.     Upon information and belief, Mega Systems has materially breached the License Agreement by, among other things, (1) failing to provide reports and written statements required by the License Agreement, (2) failing to pay the required royalties due during under the License Agreement, and (3) failing to comply with the product assessment protocol required by the License Agreement.

38.     Upon information and belief, Mega Systems continues to materially breach the License Agreement by, among other things, failing to report and submit payment for sales covered by the scope of the License Agreement.

39.     As a result of Mega Systems' numerous material breaches of the License Agreement, Signify has been damaged, which damages are the natural and proximate consequence of Mega Systems' breach of the License Agreement, in an amount to be determined at trial, but no less than $100,000 (US), exclusive of interest and costs.

40.     Signify seeks a formal accounting of all revenues received by Mega Systems in connection with LED products, beginning from January 1, 2022, to determine the full extent of Mega Systems' breach of the License Agreement.

## SECOND CLAIM FOR RELIEF
### (Specific Performance)

41.     Signify repeats and incorporates paragraphs 1 through 40 as if set forth in full here.

42.     The License Agreement is a valid, binding, and enforceable contract.

43.     Signify has and continues to perform under the License Agreement.

44.     Upon information and belief, Mega Systems is able to continue to perform under the License Agreement by, among other things, reporting revenues received by Mega Systems in

connection with LED products sold to others by Mega Systems in the United States and other countries.

45.     Signify has suffered harm resulting from Mega Systems' refusal to adhere to the terms of the License Agreement, and it has no adequate remedy at law for Mega Systems' blatant and continuing violations in that an award of damages would not be a reasonable substitute for performance by Mega Systems and an attempt to assess damages would be impractical or speculative. Mega Systems' failure to provide the required royalty reports and comply with the product assessment protocol has prevented Signify from ascertaining the full scope of Mega Systems' breach and the corresponding underpayment/nonpayment amounts.

46.     Signify has demanded, and is entitled to, specific performance of Mega Systems obligations under the License Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Signify prays that the Court enter judgment against Defendant, as follows:

(1)     Awarding money damages to Signify on its First Claim for Relief in amount to be proven at trial;

(2)     Granting Signify specific performance on its Second Claim for Relief of the License Agreement requiring Defendant to report all revenues received by Defendant and its Affiliates in connection with all products covered by the License Agreement that were made and/or sold by Defendant and its Affiliates in the United States and throughout the world and payment of the attendant royalty amounts for the duration of the License Agreement;

(3)     Ordering an accounting of revenues received by Defendant and its Affiliates in connection with LED products;

(4)     Awarding attorneys' fees, costs, and interest to Signify; and

(5)     Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Signify demands trial by jury on all issues so triable.

Dated: January 4, 2023

Respectfully submitted,

By: */s/ Jeremy P. Oczek*

Jeremy P. Oczek
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

Thomas A. Martin
BOND, SCHOENECK & KING, PLLC
600 Third Avenue, 22nd Floor
New York, New York 10016-1915
Telephone: (646) 253-2311
Email: tmartin@bsk.com

***ATTORNEYS FOR PLAINTIFF
SIGNIFY HOLDING B.V.***