ORIGINAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CAUTION: See material added on page 14.

SIGNIFY HOLDING B.V.,

Plaintiff,

v.

MEGA SYSTEMS INC.,

Defendant.

Civil Action No. 1:23-cv-00042

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

LLS

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, THAT: Each of the parties to this action, Plaintiff Signify Holding B.V. and Defendant Mega Systems Inc., asserts that the parties to this action possess information that one or more parties contends is confidential. The parties wish to ensure that such confidential information shall not be made public, and that its confidentiality is maintained. In addition, it is likely that the parties would seek information from nonparties that such nonparties would consider confidential.

Accordingly, the following procedure shall be adopted for the protection of the parties' and nonparties' confidential information:

**DEFINITIONS**

1. CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), and any other information considered in good faith by any party or nonparty producing such Documents or information to be confidential because it contains or constitutes financial and sales data, technical information regarding the products, or other information

considered by such producing party to be confidential, unless and until such time as such information is found not to be confidential pursuant to the provisions of this Stipulated Protective Order ("Order").

2. HIGHLY CONFIDENTIAL INFORMATION means any CONFIDENTIAL INFORMATION that the producing party believes in good faith constitutes commercially sensitive competitive information, the disclosure of which is likely to cause harm to the competitive position of the producing party. HIGHLY CONFIDENTIAL INFORMATION shall be for outside counsel's eyes only, and distributed in accordance with Paragraph 9.

**DESIGNATION & MARKING OF INFORMATION**

3. Each producing party may produce certain of its Documents for inspection by counsel of record to a party to this action, or may produce and deliver Documents without prior inspection, which may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the inspecting party shall assume that all Documents produced for inspection are HIGHLY CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as HIGHLY CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as required by paragraph 4, or for 30 calendar days, whichever comes first. With respect to Documents produced and delivered by one party without inspection by an opposing party, the producing party shall mark CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as required by paragraph 4 before delivering them.

4. For any Document or other information that the producing party deems to be CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the producing party shall prominently mark each page of the Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to delivering it to an opposing party. With respect to Documents or other information produced in electronic form, the producing party shall mark each page of each Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as far as is practicable for the particular electronic format in which the Document or other information is produced. All copies of Documents or other information produced by any party, and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order, shall be marked as required by this paragraph.

5. Whenever a deposition involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the following procedure shall be followed:

(a) At the request of the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is disclosed, the reporter shall prominently mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided to the opposing party within thirty (30) calendar days after receipt of the transcript of the deposition by the designating party.

(b) All portions of transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, shall be limited to persons identified in paragraphs 7, 8, and 9 hereof.

(c) As a condition for allowing any former employee of a producing party to provide CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to the parties in this action, the party obtaining the information shall treat all information obtained from such former employee as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION unless and until: 1) the information has been or is obtained through other proper means such that it is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION; 2) the former employing party agrees that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION; or 3) a court of competent jurisdiction decides that the information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

6. The parties will the comply with the Local Rules when filing documents containing material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.

**ACCESS TO CONFIDENTIAL INFORMATION**

7. All Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party in this action shall be maintained according to this Order and used solely in connection with this action or other actions between the parties, unless otherwise agreed in writing by the producing party, and all such confidentiality obligations herein shall survive the completion of the litigation.

Nothing in this Protective Order shall preclude a designating party from disclosing to anyone or using in any way its own CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

8. Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons:

(a) Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action;

(b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

(c) Authors, addressees, and recipients of the specific CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific CONFIDENTIAL INFORMATION;

(d) Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order. No such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 10 are met;

(e) In-house counsel for the parties who are involved in the prosecution or defense of this action and who have agreed to and signed the Agreement to Abide by Protective Order attached as Exhibit A, with respect to which the procedures in paragraph 10 have been followed;

(f) Up to two (2) employees for each party at any one time, provided that each such employee is involved in the prosecution or defense of this action and who have agreed to and signed the Agreement to Abide by Protective Order attached as Exhibit A, with respect to which the procedures in paragraph 10 have been followed;

(g) Any other person(s) designated by Order of the Court, after notice to all parties herein;

(h) Any other person(s) designated jointly by the parties.

9. Access to HIGHLY CONFIDENTIAL INFORMATION shall be restricted to the following persons:

(a) Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary – in such counsel's reasonable judgment – to assist such counsel in the preparation and trial of this action;

(b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

(c) Authors, addressees, and recipients of the specific HIGHLY CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific HIGHLY CONFIDENTIAL INFORMATION;

(d) Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Order. No such expert or consultant may

be given access to HIGHLY CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 10 are met;

(e) Any other person(s) designated by Order of the Court, after notice to all parties herein;

(f) Any other person(s) designated jointly by the parties.

10. No CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under paragraphs 8(d)-(h) or 9(d)-(f) of this Order until each of the following preconditions is met:

(a) The proposed person shall be provided with a copy of this Order;

(b) The proposed person shall be advised that he/she is bound by this Order; and

(c) The proposed person shall sign a document in the form of EXHIBIT A to this Order. If the person to which a party wishes to disclose CONFIDENTIAL INFORMATION of an opposing party is a legal entity, EXHIBIT A must be signed by a person authorized to bind such entity, and such person, by signing EXHIBIT A, agrees and promises to advise its personnel of the obligations imposed by this Order and their obligation to comply with such obligations.

(d) The right of any independent expert, and of any employees of such expert reasonably necessary to assist the expert in this litigation, to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with a notice that includes (a) the expert's name and business title, (b) business address, (c) business or profession, (d) the curriculum vitae of the proposed expert, (e) any previous or current business

relationship with any of the parties, (f) a list of any litigation (by case name, number, and court) in which the expert offered expert testimony, including through a declaration, report, testimony at deposition or trial during the preceding four (4) years, and (g) an executed copy of the EXHIBIT A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. If the parties are unable to resolve an objection within fourteen (14) days, the objecting party may move for an appropriate order. The objecting party shall have the burden of proving the need for a protective order. Confidential information may be disclosed to an expert if fourteen (14) days from receipt of the notice have passed and an objection has not been made. The approval of experts must not be unreasonably withheld.

**CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

11. The receipt by a party of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

12. In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as designated by the producing party

until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

13. No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in paragraph 16 shall rest on the party asserting such exceptions.

**INADVERTENT PRODUCTION**

14. Any inadvertent production of any Document or information that may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the receiving party identifying the Document or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION within a reasonable time following the discovery that the Document or information has been produced without such designation. Any party receiving such improperly-designated documents shall retrieve such Documents from persons not entitled to receive those Documents and obtain confirmation in writing that such person or persons that they will not use the information or documents for any purpose other than this action.

15. Any inadvertent production of any privileged or work product material will not result in or be construed as a waiver, in whole or in part, of (a) the producing party's claims of privilege or work product either as to the specific information inadvertently disclosed or more

generally as to the subject matter of the information disclosed, or (b) the producing party's right to designate the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order. In the event of inadvertent production of privileged or work product material, upon notice of such disclosure, all originals and copies thereof shall be immediately returned to the producing party, and such returned material shall be deleted from any litigation support or other database. If the inadvertently produced material was produced on production media that also contained properly produced Documents, the producing party shall produce replacement production media containing all properly produced Documents prior to the deletion or return of any inadvertently produced Document (such that the receiving party will have a copy of all Documents previously and properly produced). All notes or other work product reflecting the contents of such inadvertently disclosed privileged material shall be destroyed. This provision is intended to, and shall, provide the parties with the fullest protections available under Federal Rule of Evidence 502(d). Return and/or destruction of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is properly subject to a claim of privilege, nor shall it foreclose any party from moving the Court for an order that such information or material has been improperly designated for reasons other than a waiver caused by the inadvertent production. In so moving the Court, the party may request *in camera* review of the information or material, but under no circumstances may the receiving party use the information or material for any purpose other than to challenge the purported improper designation.

**EXCEPTIONS TO CONFIDENTIALITY**

16. Any Documents, deposition transcripts (or portions thereof) , or other information bearing a CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation may be

declared non-confidential (and therefore not subject to this Order) by the Court, upon motion of a party, to the extent that the moving party proves to the Court's satisfaction that such Documents, deposition transcripts (or portions thereof), or other information contain:

(a) information which at the time of disclosure was available to the public;

(b) information which after disclosure to the receiving party in this action becomes available to the public through no act or failure to act by or on behalf of the receiving party, including the persons identified in paragraphs 8-9;

(c) information which as to the receiving party (including the persons identified in paragraphs 8-9 hereof) was as a matter of written record (i) already known to the receiving party from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the receiving party, (iii) obtained from the producing party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (subject to paragraphs 3 and 17 hereof), or (iv) received after disclosure in this action from a third party having the right to make such disclosure; or

(d) information that is not a trade secret, or otherwise confidential, under governing law.

**SUBSEQUENT DESIGNATION**

17. If a producing party produces any Document or other information, or provides any deposition testimony, containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving

party shall treat the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. To the extent that such Document, deposition transcript (or portions thereof) , or other information were disclosed to persons other than persons described in paragraphs 8-9 hereof, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

**POST-LITIGATION OBLIGATIONS**

18. Within thirty (30) calendar days after the completion of the litigation and all appeals, the receiving party shall return or destroy all Documents, deposition transcripts (or portions thereof), and other information received from a producing party and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and all copies, abstracts, extracts, excerpts, and summaries thereof, except that counsel for each party may retain (a) one copy of all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information, and (b) all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information incorporated into counsel's working files.

**OTHER**

19. Nothing in this Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents, deposition transcripts (or portions thereof), or other information, or relief from this Order with respect to particular Documents, deposition transcripts (or portions thereof), or other

information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION hereunder.

20. Nothing in this Order, and no CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not disclose to its client any information designated by the producing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

Dated: June 5, 2023

STIPULATED and AGREED to by:

/s/ Jeremy P. Oczek

Jeremy P. Oczek
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

Thomas A. Martin
BOND, SCHOENECK & KING, PLLC
600 Third Avenue, 22nd Floor
New York, New York 10016-1915
Telephone: (646) 253-2311
Email: tmartin@bsk.com

***Attorneys for Plaintiff Signify Holding B.V.***

/s/ Jonathan D. Ball

Jonathan D. Ball
Giancarlo L. Scaccia
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 100017
Telephone: 212-801-3137
Email: ballj@gtlaw.com
Email: scacciag@gtlaw.com

***Attorneys for Defendant Mega Systems Inc.***

**IT IS SO ORDERED:**

Louis L. Stanton
UNITED STATES DISTRICT JUDGE
LOUIS L. STANTON

DATED: June 6, 2023

The parties are warned that this order will be of little or no use in obtaining the sealing of material filed with the Court, particularly if it is submitted to affect a judicial determination. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) and later cases.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SIGNIFY HOLDING B.V.,

Plaintiff,

v.

Civil Action No. 1:23-cv-00042

MEGA SYSTEMS INC.,

Defendant.

**AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**

STATE OF ______________________

COUNTY OF ____________________

I, ____________________________________________, declare that:

1. My address is ________________________________________

2. My present employer is __________________________________

3. My present occupation or job description is _____________________

4. I am a citizen of ______________________________________

5. I have been provided a copy of the Stipulated Protective Order regarding CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION in this case signed by counsel for the litigants and/or by presiding District Judge or Magistrate Judge of the United States District Court for the Sourthern District of New York.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as any abstracts, extracts, excerpts, and summaries thereof containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

9. Upon request, I will return to counsel for the party from which I receive, or by whom I am designated, employed, or retained, all documents or other materials in my possession containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

11. I certify under penalty of perjury that the foregoing is true and correct.

Executed on ______________________________

Signature ______________________________