

Jonathan D. Ball
Tel 212.801.2223
Fax 212.805.9303
ballj@gtlaw.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
D
DATE FILED 10/17/23

October 16, 2023

**VIA ECF**

The Honorable Louis L. Stanton
United States District Court,
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:   *Signify Holding B.V. v. Mega Systems Inc.*,
              <u>Case No. 23-cv-00042 – Request for Pre-Motion Conference</u>

Dear Judge Stanton:

      Pursuant to L. Civ. R. 37.2, Defendant Mega Systems Inc. ("Mega Systems") hereby requests a conference in advance of Mega Systems' motion to compel Plaintiff Signify Holding B.V. ("Signify") to produce documents responsive to several discovery requests. Counsel for the parties met and conferred in a good faith attempt to resolve many of the disputes described herein, but could not reach agreement.

      **1.**    **Documents Regarding the Patents Licensed under the Patent License Agreement**

      Signify has refused to produce any documents concerning the patents it licensed to Mega Systems under the Patent License Agreement ("Agreement"). *See* **Exhibit A** at Request for Production Nos. 34-56. According to Signify's discovery responses,[1] it does not believe these documents are relevant because this is a "breach of contract action, not a patent infringement action." *Id.* But this information is critical to this case because Mega Systems' products can only be royalty bearing under the Agreement (and subject to Signify's claim for damages) if Signify can show that they practice one or more of the patents in the Agreement. Indeed, the Court has already rejected Signify's unreasonable position during the April 4, 2023 Initial Scheduling Conference as unsupported by the terms of the Agreement and adopted Mega Systems' longer proposed discovery schedule due to the complex issues in this case. *See* ECF No. 17. For at least these reasons, Signify should produce this information.

      **2.**    **Documents Concerning Signify's Analysis of Mega Systems' Products**

      Signify has also refused to produce technical information concerning its evaluation of Mega Systems' products, including information underlying its allegations in the Complaint. *See* **Exhibit B**

---

[1] While the parties have not met and conferred to specifically discuss Signify's responses to Request for Production Nos. 34-56, its responses to these discovery requests simply re-hash the same issues the parties have already discussed for the other discovery requests addressed in Issue #2, below. Given that Signify has not expressed any willingness to produce technical/patent-related documents, these issues are ripe for adjudication.

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

The Honorable Louis L. Stanton
October 16, 2023
Page 2

at Request for Production Nos. 16-20. Signify refuses to produce this information because they claim any alleged testing was performed by in-house counsel and is privileged. But the attorney-client privilege does not extend to facts, only to the communications involving them. *See Upjohn v. United States*, 449 U.S. 383, 395-96 (1981) ("A fact is one thing and a communication concerning that fact is an entirely different thing."). Moreover, communications and technical information about product testing are not in and of themselves protected by the attorney-client privilege or work product protection. *See, e.g., LKQ Corp. v. KIA Motors Am., Inc.*, 2023 U.S. Dist. LEXIS 76177, at *11-12 (N.D. Ill. May 2, 2023). The requested information also cannot be privileged because Signify is required to disclose in writing all the results of its assessment of Mega Systems' products under Section 3.5 of the Agreement. Thus, even if such testing were otherwise privileged, Signify has waived any claim at least by the express provisions in the Agreement. Signify never intended to keep this information as confidential or otherwise maintain it as privileged because it was not solely for the purpose of seeking or providing legal advice. Indeed, it offered to provide this technical information to Mega Systems in pre-litigation communications. Signify should produce the requested technical information.

* * *

Accordingly, Mega Systems respectfully requests that the Court schedule a conference to discuss the foregoing dispute or, in the alternative, grant Mega Systems permission to make a motion to compel Signify to produce the requested documents. We thank Your Honor for the Court's time and consideration on this matter.

*Granted*
*LLS*
*10/17/23*

Respectfully submitted,

*/s/ Jonathan D. Ball*

cc: Counsel of Record